**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CHAPTER 11** |
| | § | **SUBCHAPTER V** |
| **MARS COLONY LLC AND** | § | |
| **MERIDIAN HIVE LLC,** | § | **Substantively Consolidated** |
| | § | **CASE NO. 22-10109-TMD** |
| **Debtors.** | § | |

| | | |
|---|---|---|
| **EVAN WHITEHEAD,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. _____** |
| | § | |
| **MARS COLONY, LLC AND** | § | |
| **MERIDIAN HIVE LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**PURSUANT TO 11 U.S.C § 523(a)**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUTPCY JUDGE:

Evan Whitehead ("Mr. Whitehead"), a judgment creditor in an underlying state court action
and creditor in the above-captioned bankruptcy case, files this his *Complaint To Determine
Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)* against Mars Colony, LLC ("Mars") and
Meridian Hive LLC ("Meridian") (collectively, the "Debtors" or "Defendants"), and in support of
which he would respectfully show the Court as follows:

**I.    INTRODUCTION AND SUMMARY**

1.      This Complaint arises from fraudulent and tortious conduct committed by Debtors
and their principals, which was the subject of a four-day bench trial in the Judicial District Court
of Travis County, Texas.  The facts, findings, and conclusions are set forth in the Final Judgment

1

and State Court Findings of Fact and Conclusions of Law of the 459th District Court of Travis County. A certified copy of the Final Judgment is attached hereto as **Exhibit A**. A certified copy of the Findings of Fact and Conclusions of Law is attached hereto as **Exhibit B**.

2.     Pursuant to an agreement with two other founders (and co-defendants in the state court action)—Eric Lowe ("Lowe") and Michael Simmons ("Simmons")—Mr. Whitehead held a 1/3 ownership interest of Meridian—an ownership interest that would not be diluted without Mr. Whitehead's written approval.  Mr. Whitehead's co-founders and the Debtor entities under their control failed to comply with the terms of such agreements by, among other things, expelling Mr. Whitehead as a member from Meridian without his written approval, forming Mars and allegedly merging it with Meridian without Mr. Whitehead's approval, wrongfully assigning his 26.67% Meridian equity to Mars, and then assigning equity in Mars to the two other cofounders and co-defendants and William Cayce Rivers ("Rivers).

3.     Following the formation of Mars, Meridian transferred all its assets (which, at the time, were valued at $2.5 million) to Mars without receiving reasonably equivalent value and with the actual intent to hinder, delay, and defraud Mr. Whitehead.  The State Court found, among other things, that Mars was responsible for Meridian's conduct because Meridian used Mars for the purpose of perpetrating and did perpetrate an actual fraud on Mr. Whitehead. Further, Debtors acted tortiously when they converted Mr. Whitehead's interest in Meridian.

4.     The Final Judgment includes monetary relief in favor of Mr. Whitehead and against the Debtors and their co-defendants, jointly and severally, in an amount exceeding $965,000.00. Mr. Whitehead asserts that the Judgment is non-dischargeable pursuant to, among other things, 11 U.S.C. §§ 523(a) and 1192(2).   For the reasons detailed below, the debts owed to Mr. Whitehead by the Debtors should not be discharged.

## II.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(A), (I), and (J), and FED. R. BANKR. P. 7001(6).

6.      Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to the above-styled bankruptcy case pending in this Court.

## III.    PARTIES

7.      Plaintiff is an individual, judgment creditor, and party-in-interest in the above-styled bankruptcy case.

8.      Mars is a limited liability company that can be served through its undersigned counsel of record in the above-referenced bankruptcy case and in this Adversary Proceeding.

9.      Meridian is a limited liability company that can be served through its undersigned counsel of record in the above-referenced bankruptcy case and in this Adversary Proceeding.

## IV.    FACTUAL BACKGROUND

10.     On January 26, 2012, Mr. Whitehead, Lowe, and Simmons were the original founders of Meridian and who each made a $10,000 initial capital contribution and received an equal 1/3 equity ownership interest in Meridian.

11.     In October 2015, Lowe and Simmons wrongfully terminated Mr. Whitehead's employment with Meridian, stopped paying him a salary, denied him access to business accounts, locked him out of the property, and eventually replaced Mr. Whitehead's position as manager with Rivers.

12.     In August 2016, Meridian performed a fraudulent "squeeze out" merger with Mars—an entity formed by Lowe, Simmons, and Rivers—without Mr. Whitehead's knowledge or approval and then eliminated Mr. Whitehead's 26.66625% equity to 0%.

13.     Both Meridian and Mars survived the merger and continue to be in existence.

3

14.     On April 5, 2019, Mr. Whitehead initiated a lawsuit against Meridian, Mars, Lowe, Simmons, and Rivers in the 459th Judicial District Court of Travis County.

15.     A nonjury trial was held from July 19 to July 22, 2021. On August 5, 2021, the State Court Judge announced that it was rendering judgment for Mr. Whitehead.  On September 9, 2021, the State Court Judge issued a Final Judgment in favor of Mr. Whitehead and against Meridian, Mars, Lowe, Simmons, and Rivers, jointly and severally. This money judgment against Mars and Meridian, jointly and severally, included a determination in favor of Mr. Whitehead on his causes of action for fraudulent transfer and conversion.  (*See* **Exhibit A**, p. 2 ¶ 2).

16.     On October 12, 2021, Mr. Whitehead served Debtors with post-judgment discovery requests regarding their assets.

17.     On October 18, 2021, the State Court Judge issued Findings of Fact and Conclusions of Law. *See* **Exhibit B**.

18.     After the judgment became final and fully enforceable on November 24, 2021, and while the Final Judgment remained wholly unsatisfied, the Debtors sold substantially all of the hard assets they owned in January and February of 2022.  On information and belief, the sale was a fraudulent transfer that was made while the Debtors were insolvent with the intent to hinder and defraud Mr. Whitehead and/or for less than reasonably equivalent value in exchange for the amounts paid. The Debtors began selling these assets on January 27, 2022—the day after they provided their most recent set of amended/supplemental responses to Mr. Whitehead's post-judgment discovery requests, which included requests related to asset transfers, presumably in an effort to conceal these fraudulent transfers from Mr. Whitehead.

19.     Shortly after Mr. Whitehead commenced efforts to collect his judgment from the Debtors, Mars commenced Bankruptcy Case Number 22-10109 by filing a voluntary petition under Subchapter V of the Bankruptcy Code on February 23, 2022. On March 2, 2022, Meridian

4

commenced Bankruptcy Case Number 22-10140 by filing a voluntary petition under Subchapter V of the Bankruptcy Code.

20.     On March 29, 2022, the Court entered an agreed order substantively consolidating the Debtors' bankruptcy cases under Case No. 22-10109. [Dkt. No. 36]. The agreed order sets forth that Mr. Whitehead "preserves his right to bring to the Court's attention (whether it be through an adversary proceeding, pleading, objection or otherwise) any and all allegations, causes of actions, arguments, findings of fact, conclusion of law, and judgments in the underlying state court case filed in the 459th Judicial District Court of Travis County (Cause No. D-1-GN-19-001880) as they relate to the issues in the state court case . . . ."

21.     Brad W. Odell was appointed as Subchapter V Trustee.

22.     Mr. Whitehead holds a pre-petition final judgment claim exceeding $965,000.00 as of the Petition Date and is thereby a pre-petition creditor of the estate.

23.     The Debtors and related co-defendants have filed an appeal and the automatic stay was recently lifted in order for that appeal to proceed in the Texas Court of Appeals.  [Dkt. No. 77].  On July 7, 2022, the Debtors and the individual co-defendants filed a Motion to Reinstate the Appeal in the Texas Court of Appeals.

## V.    COUNT 1: OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

24.     Plaintiff adopts and incorporates the preceding paragraphs 1 through 21 as if fully set forth herein.

25.     Section 1192(2) of the Bankruptcy Code provides that a subchapter V debtor may not be discharged from the debts of the kind specified in section § 523(a).  Pursuant to § 523(a)(2)(A), a "discharge under section 727, 1141, . . . of this title does not discharge an

5

individual debtor[1] from any debt—. . . for money, property, services . . .  to the extent obtained by false pretense, a false representation or **actual fraud**…" (emphasis added).  The transfer of assets from one entity to another with actual intent to hinder, delay or to defeat the collection of a debt constitutes *actual fraud* under section § 523(a)(2)(A).

26.    As set forth herein, the Debtors committed actual fraud when they worked in concert to transfer assets from Meridian to Mars without Mr. Whitehead's consent or approval. As detailed in the State Court's Findings of Fact and Conclusions of Law, **[Exhibit B]**, and the Final Judgment, **[Exhibit A]**, Meridian was found liable for fraudulently transferring assets valued at $2.5 million to Mars with the "actual intent to hinder, delay, and defraud" Mr. Whitehead.  (*See* **Exhibit B**, pp. 8–11).  The Debtors transferred all of Meridian's assets to Mars without receiving reasonably equivalent value.(*See* **Exhibit B**, p. 8 ¶ 21). The transfer was concealed from Mr. Whitehead. (*See* **Exhibit B**, p. 8 ¶ 22). Further, the State Court found Mars to be responsible for Meridian's fraudulent conduct because "Meridian used Mars for the purpose of perpetrating and did perpetrate an actual fraud on [Mr. Whitehead] . . . ." (*See* **Exhibit B**, p. 10 ¶ 26).

27.    Further, actual fraud as used in the § 523(a)(2)(A) context, includes discharge exception to encompass many forms of fraud, including fraudulent conveyance schemes like the one found by the State Court in this case and for the sales of the Debtors' equipment shortly before, and even after, this bankruptcy case was filed.  *See Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 136 S. Ct. 1581, 194 L.Ed. 2d 655 (2016); *DZ Bank AG Deutsche Zentral-Genossenschaft Bank v. Meyer*, 869 F. 3d 839, 841 (9th Cir. 2017).

---

[1] Mr. Whitehead has been unable to locate any Fifth Circuit cases that have addressed whether the discharge exceptions under 11 U.S.C. § 523 apply to both individual debtors and corporate debtors in a Subchapter V bankruptcy case. However, the Fourth Circuit has recently held that discharge exceptions in Subchapter V of Chapter 11 apply to both individual debtors and corporate debtors. *In re Cleary Packaging*, 2022 WL 2032296 (4th Cir. June 7, 2022). Mr. Whitehead asserts that the discharge exceptions under § 523 should apply in this case involving Mars and Meridian.

## VI.   COUNT 2:  OBJECTION TO DISCHARGEABILITY UNDER § 523(a)(6)

28.     The conversion of another's property without the owner's knowledge or consent, done intentionally and without justification and excuse, is a willful and malicious injury within the meaning of subsection § 523(a)(6).  As set forth in the Findings of Fact and Conclusions of Law, the State Court found that the Debtors converted Mr. Whitehead's membership interest in Meridian, which was his personal property, without his approval. (*See* **Exhibit B,** p. 3 ¶ 5, pp. 11–12 ¶¶ 27–35, p. 20 ¶ 63–65).  The Debtors assigned Mr. Whitehead's 26.67% interest in Meridian to Mars without Mr. Whitehead's knowledge or consent, leaving Mr. Whitehead without any interest in either of the Debtors following the fraudulent merger.  (*See* **Exhibit B,** p. 3 ¶ 5, p. 9 ¶ 23, p. 11 ¶¶ 27–29.

29.      The Debtors converted Mr. Whitehead's property because the Debtors and those acting by and for the Debtors exercised dominion and control over Mr. Whitehead's property, without Mr. Whitehead's consent and to the exclusion of Mr. Whitehead's right of possession and use. (*See* **Exhibit B**, p. 11, Subpart D, ¶ 28-35).  These acts constitute a willful and malicious injury to Mr. Whitehead and therefore the debt should not be discharged.

30.     Accordingly, the debt owed to Mr. Whitehead by virtue of the Final Judgment should not be discharged by the Debtors.

## VII.     RESERVATION OF RIGHTS

31.     Mr. Whitehead has not yet had an opportunity to pursue discovery in this matter. To the extent additional facts are revealed in the discovery process which form the basis for additional grounds for objection to discharge, Mr. Whitehead reserves the right to amend this Complaint and object on such grounds.

## VIII. PRAYER & REQUESTED RELIEF

WHEREFORE PREMISES CONSIDERED, Evan Whitehead prays that he has judgment against Defendants, and that the Court declare the debt owed by Defendants to Mr. Whitehead are non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) for such other and further relief as this Court may deem just.

Dated: July 21, 2022

Respectfully submitted,

By:     */s/ Sabrina L. Streusand*
Sabrina L. Streusand
Texas Bar No. 11701700
Anh Nguyen
Texas State Bar No. 24079053
**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
(512) 236-9902 Telephone
(512) 236-9904 Facsimile
streusand@slollp.com
nguyen@slollp.com

-and-

David Dunham
Texas State Bar No. 06227700
Emily Young
Texas State Bar No. 24088698
**DUNHAM LLP**
919 Congress Avenue, Suite 910
Austin, Texas 78701
(512) 615-1255 (Telephone)
(512) 615-1256 (Facsimile)
david@dunhamllp.com
emily@dunhamllp.com

**ATTORNEYS FOR EVAN WHITEHEAD**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served on this 21st day of July 2022 via EFC and/or regular U.S. mail on the following parties::

Todd Brice Headden
Hayward PLLC
901 Mopac Expressway South
Building 1, Suite 300
Austin, TX 78746
DEBTOR'S COUNSEL

Brad W. Odell
Mullin Hoard & Brown, LLP
1500 Broadway, Suite 700
Lubbock, TX 79401
(806) 765-7491
TRUSTEE

Jason A. Starks
Assistant County Attorney
P.O. Box 1748
Austin, TX 78767
COUNSEL FOR TRAVIS COUNTY

Terrazas PLLC
1001 S. Capital of Texas Hwy
Bldg L, Suite 250
Austin, Texas 78746
ATTORNEYS FOR WILLIAM CAYCE RIVERS


*/s/ Sabrina L. Streusand*
Sabrina L. Streusand

# EXHIBIT A

Filed In The District Court
of Travis County, Texas

SEP 0 9 2021 CJe

At 4:54 A.M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-19-001880

| | | |
|---|---|---|
| EVAN WHITEHEAD, Individually and | § | IN THE DISTRICT COURT OF |
| Derivatively on Behalf of MERIDIAN | § | |
| HIVE, LLC d/b/a MERIDIAN HIVE | § | |
| MEADERY and d/b/a MERIDIAN | § | |
| CELLARS WINERY | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ERIC E. LOWE, MICHAEL SIMMONS, | § | |
| WILLIAM CAYCE RIVERS, MARS | § | |
| COLONY, LLC, and MERIDIAN HIVE, | § | |
| LLC d/b/a MERIDIAN HIVE | § | |
| MEADERY and d/b/a MERIDIAN | § | |
| CELLARS WINERY, | § | |
|     Defendants. | § | 459TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On July 19, 2021, this case was called for trial.

Plaintiff Evan Whitehead, individually and derivatively on behalf of Meridian Hive, LLC d/b/a Meridian Hive Meadery and d/b/a Meridian Cellars Winery ("Plaintiff Whitehead"), appeared through counsel and announced ready for trial.

Defendants Eric E. Lowe ("Lowe"), Michael Simmons ("Simmons"), William Cayce Rivers ("Rivers"), Mars Colony LLC ("Mars"), and Meridian (collectively "Defendants") appeared though counsel and announced ready for trial.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and arguments of counsel, and on August 5, 2021, the Court announced its decision for Plaintiff Whitehead against Defendants.

The Court found for Plaintiff Whitehead on multiple theories of recovery against Defendants for the same injury. Nothing in this judgment shall effect a double recovery for Plaintiff Whitehead from any Defendant. Plaintiff Whitehead made the following election of remedies:

1. <u>Election Against Defendants Lowe and Simmons: Breach of Contract</u>. Plaintiff Whitehead elects to recover judgment for breach of contract against Defendants Lowe and Simmons, jointly and severally.

   a. <u>Alternative Election: Fraudulent Transfer</u>. Should the Court's judgment on, findings of, or award for breach of contract be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendants Lowe and Simmons, jointly and severally with Defendants Rivers,



Meridian, and Mars, for fraudulent transfer as an alternative to the judgment for breach of contract.

    b. <u>Alternative Election: Conversion</u>. Should the Court's judgment on, findings of, or award for breach of contract and fraudulent transfer be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendants Lowe and Simmons, jointly and severally with Defendants Rivers, Meridian, and Mars, for conversion as an alternative to the judgments above.

    c. <u>Alternative Election: Breach of Fiduciary Duty</u>. Should the Court's judgment on, findings of, or award for breach of contract, fraudulent transfer, and conversion be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendants Lowe and Simmons, jointly and severally, for breach of fiduciary duty as an alternative to the judgments above.

2. <u>Election Against Defendants Meridian, Mars, and Rivers: Fraudulent Transfer</u>. Plaintiff Whitehead elects to recover judgment for fraudulent transfer against Defendants Meridian, Mars, and Rivers, jointly and severally.

    a. <u>Alternative Election: Conversion</u>. Should the Court's judgment on, findings of, or award for fraudulent transfer be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendants Meridian, Mars, and Rivers, jointly and severally with Defendants Lowe and Simmons, for conversion as an alternative to the judgment for fraudulent transfer.

    b. <u>Alternative Election Against Rivers: Breach of Fiduciary Duty</u>. Should the Court's judgment on, findings of, or award for fraudulent transfer and conversion be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendant Rivers for breach of fiduciary duty, jointly and severally with Defendants Lowe and Simmons, as an alternative to the judgments above.

    c. <u>Alternative Election Against Rivers: Tortious Interference with Existing Contract</u>. Should the Court's judgment on, findings of, or award for fraudulent transfer, conversion, and breach of fiduciary duty be overturned or reduced on appeal, Plaintiff Whitehead elects to recover judgment against Defendant Rivers for tortious interference with existing contract as an alternative to the judgments above.

The Court hereby RENDERS judgment for Plaintiff.

Accordingly, the Court ORDERS that Plaintiff Whitehead recover the following from Defendants, jointly and severally:

Actual damages in the amount of $666,750.00.

Final Judgment

2. Prejudgment interest on the actual damages awarded at the rate of 5% from April 5, 2019, until August 5, 2021, in the amount of $88,900.00.

3. Reasonable and necessary attorney fees in the amount of $210,171.85 for the prosecution of this case through this judgment.

4. Court costs.

5. Postjudgment interest on all of the above at the rate of 5%, compounded annually, from August 5, 2021, until all amounts are paid in full.

6. If Plaintiff Whitehead prevails in an appeal of this judgment to an intermediate court of appeals, Plaintiff Whitehead will additionally recover from Defendants, jointly and severally, the amount of ~~$55,000.00~~, representing the anticipated reasonable and necessary attorney fees that would be incurred by Plaintiff Whitehead in defending the appeal. Plaintiff Whitehead will also recover from Defendants, jointly and severally, postjudgment interest on the appellate attorney fees at the rate of 5%, compounded annually, from the date the appellate award is made final until the amount is paid in full.

*$20,000*

7. If Plaintiff Whitehead prevails in an appeal of this judgment to the Texas Supreme Court, Plaintiff Whitehead will additionally recover from Defendants, jointly and severally, the amount of ~~$80,000.00~~, representing the anticipated reasonable and necessary attorney fees that would be incurred by Plaintiff in defending the appeal if a petition for review is filed, and the additional amount of ~~$50,000.00~~ if the Texas Supreme Court Order briefing on the merits, representing the anticipated additional reasonable and necessary attorney fees that would be incurred by Plaintiff in defending the appeal if briefing on the merits is ordered. Plaintiff Whitehead will also recover from Defendants, jointly and severally, postjudgment interest on the appellate attorney fees at the rate of 5%, compounded annually, from the date the appellate award is made final until the amount is paid in full.

*$10,000*

*$15,000*

The Court ORDERS execution to issue for this judgment.

This judgment finally disposes of all claims and all parties, and is appealable.

SIGNED on *September 9*, 2021.

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 01/10/2022 02:49:06

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

THE HONORABLE JUDGE GUERRA GAMBLE

Final Judgment

Page 3 of 3

# EXHIBIT B

Filed in The District Court
of Travis County, Texas

OCT 18 2021 CJe

At _____4:38 P._M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-19-001880

| | | |
|---|---|---|
| EVAN WHITEHEAD, Individually and | § | IN THE DISTRICT COURT OF |
| Derivatively on Behalf of MERIDIAN | § | |
| HIVE, LLC d/b/a MERIDIAN HIVE | § | |
| MEADERY and d/b/a MERIDIAN | § | |
| CELLARS WINERY | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ERIC E. LOWE, MICHAEL SIMMONS, | § | |
| WILLIAM CAYCE RIVERS, MARS | § | |
| COLONY, LLC, and MERIDIAN HIVE, | § | |
| LLC d/b/a MERIDIAN HIVE | § | |
| MEADERY and d/b/a MERIDIAN | § | |
| CELLARS WINERY, | § | |
| Defendants. | § | 459TH JUDICIAL DISTRICT |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. FINDINGS OF FACT

#### A. COUNT 1 – Breach of Contract (Against Lowe and Simmons)

1.      Plaintiff's Trial Exhibit No. 5, Meridian Hive, LLC's Certificate of Formation and

the Company Agreement contained therein, (hereafter "Contract") is a contract entered into

between Plaintiff, Defendant Eric E. Lowe (hereafter "Lowe"), and Defendant Michael Simmons

(hereafter "Simmons").

2.      Plaintiff, Defendant Lowe, and Defendant Simmons agreed that:[1]

    a. Plaintiff would be a member (equity owner), manager and director of

        Meridian, and that Plaintiff's status as a member, manager and director of

        Meridian would not be changed without his written approval;

---
[1]  Business, § 101.1 (2018).

b. Plaintiff's $10,000 contribution to Meridian provided him an ownership interest in the equity of the company as a founder (hereafter "Founders Equity") which would not be diluted without his written approval, and if diluted, would be done so equally with the Founders Equity of Defendant Lowe and Defendant Simmons as the two other founders of Meridian;

c. Equity shares would only be offered to class A or B members with the written agreement of Plaintiff, and would dilute Plaintiff's Founders Equity equally with Defendant Lowe's and Defendant Simmons' Founders Equity;

d. Plaintiff would receive equity distributions equal to those of Defendant Lowe and Defendant Simmons, which would not be changed without Plaintiff's written approval;

e. Meridian would be operated as a winery business in perpetuity, and its business purpose would not be changed without Plaintiff's written approval;

f. Meridian would not be dissolved without Plaintiff's written agreement, and upon dissolution, Meridian's net assets would be distributed to Plaintiff and all other Meridian members in proportion to the equity held by each; and

g. There would be no changes to the Company Agreement without Plaintiff's ratification in writing.

3. Plaintiff performed, tendered performance of, or was excused from performing Plaintiff's contractual obligations under the Contract.[2]

4. Defendants Lowe and Simmons materially breached the Contract.[3]

---

[2] Perry v. Little, 419 S.W.2d 198, 200–01 (Tex. 1967); Burtch v. Burtch, 972 S.W.2d 882, 889 (Tex. App.—Austin 1998, no pet.).

[3] TEX. Business, Comment to § 101.2 (2018); Snyder, 860 S.W.2d at 695.

5.      Defendants Lowe and Simmons failed to comply with the Contract[4] in the
following ways:

      a. Expelling Plaintiff as a member from Meridian and removing him as a
manager and the director of sales without Plaintiff's written approval;

      b. Replacing Plaintiff with Rivers as a manager and the director of sales of
Meridian without Plaintiff's written approval;

      c. By assigning all of Plaintiff's equity ownership in Meridian to Mars and then
assigning that equity ownership in Mars to Defendant Lowe, Defendant
Simmons and/or Defendant William Cayce Rivers (hereafter "Rivers")
without Plaintiff's agreement, thereby diluting Plaintiff's Founders Equity
from 26.67% to 0% without his written approval, and without diluting Lowe's
and Simmons' Founders Equity equally;

      d. Forming Mars Colony, LLC (hereafter "Mars") and allegedly merging Mars
and Meridian, without Plaintiff's written approval;

      e. Changing the business purpose of Meridian to being merely a shell company
and wholly owned subsidiary of Mars, with Mars taking over operations of
Meridian's winery business, without Plaintiff's written approval;

      f. Executing the merger and transferring all of Meridian's assets to Mars,
essentially dissolving Meridian without Plaintiff's written approval and failing
to distribute Meridian's assets to Meridian's members in proportion to each
member's equity upon dissolution; and



TEX. Business, § 101.2 (2018).

       g. Taking the above actions that constituted changes to the Company Agreement made without the approval or written ratification of Plaintiff.

6. The sum of $666,750.00, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages that resulted from Defendant Lowe's and Defendant Simmons' failures to comply with the Contract.[5]

7. Plaintiff was represented by attorneys who presented Plaintiff's claim for breach of the Contract to Defendants Lowe and Simmons' duly authorized agent, Jack Reid, and Defendants Lowe and Simmons did not tender the amount owed within thirty days after the date the claims were presented.[6]

8. The following are reasonable fees for the necessary services of Plaintiff's attorneys incurred in connection with Plaintiff's breach of contract claim:

       a. $210,171.85 for representation through trial and the completion of proceedings in the trial court;

       b. $20,000.00 for representation through appeal to the court of appeals;

       c. $10,000.00 for representation at the petition for review stage in the Supreme Court of Texas; and

       d. $15,000.00 for representation at the merits briefing stage in the Supreme Court of Texas.[7]

## B. COUNT 2 – Breach of Fiduciary Duty (Against Lowe and Simmons)

9. Plaintiff justifiably placed trust and confidence in Defendant Lowe and in Defendant Simmons to act in Plaintiff's best interest.[8] A relationship of trust and confidence

---

[5] Bus. & Com. Bus. § 115.3 (2018).

[6] Tex. Civ. Prac. Rem. Code, §§ 38.001(8), 38.002.

[7] Business, § 115.60 (2018); Tex. Civ. Prac. Rem. Code, § 38.001, *et seq.*

existed between Plaintiff and Defendant Lowe and between Plaintiff and Defendant Simmons at the time of and with respect to the occurrences and transactions at issue.[9] This relationship of trust and confidence arose from the moral, social, and personal relationships Plaintiff had with Defendant Lowe and with Defendant Simmons that existed prior to and apart from Meridian and the occurrences and transactions at issue.[10]

10.     Plaintiff, Defendant Lowe, and Defendant Simmons were partners and joint venturers in Meridian.

11.     Defendants Lowe and Simmons were agents, employees, members, managers, directors, and officers of Meridian.

12.     Defendants Lowe and Simmons benefited and/or profited from the transactions at issue and/or placed themselves in a position in which their self-interest might conflict with their obligations as fiduciaries to Plaintiff and Meridian Hive.[11]

13.     Defendants Lowe and Simmons failed to show at least one of the following with respect to both Plaintiff and Meridian:

> a. That the transactions in question were fair and equitable to Plaintiff and/or Meridian;
>
> b. That Defendants Lowe and Simmons made reasonable use of the confidence that Plaintiff and/or Meridian placed in them;
>
> c. That Defendants Lowe and Simmons acted in the utmost good faith and exercised the most scrupulous honesty toward Plaintiff and/or Meridian;

[8] PJC – Business, § 104.1 (2018).

[9] PJC – Business, § 104.1 (2018).

[10] PJC – Business, Comment to § 104.1 (2018).

[11] PJC – Business, Comment to § 104.2 (2018).

       d. That Defendants Lowe and Simmons placed the interests of Plaintiff and/or Meridian before their own and did not use the advantage of their positions to gain any benefit for themselves at the expense of Plaintiff and/or Meridian; and/or

       e. That Defendants Lowe and Simmons fully and fairly disclosed all important information to Plaintiff and Meridian concerning the transactions.[12]

14.     Accordingly, Defendants Lowe and Simmons did not comply with their fiduciary duties to Plaintiff.[13] Accordingly, Defendants Lowe and Simmons did not comply with their fiduciary duties to Meridian.[14]

15.     Defendants Lowe and Simmons breached their fiduciary duties to Plaintiff and/or Meridian Hive in the following ways:

       a. By removing Plaintiff as a manager of Meridian and replacing him with Rivers;

       b. By removing Plaintiff as an officer and director of sales of Meridian and replacing him with Rivers;

       c. By eliminating Plaintiff's 26.67% ownership interest in Meridian Hive by giving all of Plaintiff's ownership in Meridian Hive to Defendant Mars Colony in the Merger, and simultaneously giving themselves and all of the other former owners of Meridian Hive, except Plaintiff, ownership in Mars Colony;

       d. By expelling Plaintiff from Meridian Hive;

---

[12] Business, § 104.2 (2018).

[13] PJC Business, § 104.2 (2018).

[14] TEXAS Business, § 104.2 (2018).

> e. By disallowing Plaintiff to continue his involvement in the operations and
>    affairs of the business of Meridian Hive;
>
> f. By failing to provide Plaintiff with notice of company meetings and excluding
>    Plaintiff from company meetings;
>
> g. By failing to provide Plaintiff with equity distributions;
>
> h. By merging Mars Colony and Meridian Hive, and transferring Meridian
>    Hive's assets to Mars Colony;
>
> i. By failing to disclose to Plaintiff the merger transaction and its purported
>    termination of Plaintiff's ownership interest; and/or
>
> j. By executing the merger transaction.

16.    Defendant Lowe knowingly participated in the breaches of fiduciary duties by Defendant Simmons. [15] Defendant Simmons knowingly participated in the breaches of fiduciary duties by Defendant Lowe.[16] Defendant Rivers knowingly participated in the breaches of fiduciary duties by Defendants Simmons and Lowe.[17]

17.    Defendant Rivers had knowledge that Defendants Lowe's and Simmons' conduct constituted a tort.[18] Defendant Rivers had the intent to assist Defendants Lowe and Simmons in committing the tort of breach of fiduciary duty.[19] Defendant Rivers gave Defendants Lowe and Simmons assistance and encouragement, which was a substantial factor in causing the tort.[20]

---

[15] PJC – Business, Comment to § 104.2 (2018).

[16] PJC – Business, Comment to § 104.2 (2018).

[17] PJC – Business, Comment to § 104.2 (2018).

[18] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Immobiliere Jeuness Establissement v. Amegy Bank*, 525 S.W.3d 875, 883 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[19] *Id.*

18.     The total value of the benefit and/or profit that Defendants received from the transactions is $666,750.00.[21]

19.     The sum of $666,750.00, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages that were proximately caused by Defendants Lowe's and Simmons' breaches of fiduciary duties.[22]

### C. COUNT 3 – Fraudulent Transfer (Against Meridian)

20.     Meridian is a debtor to Plaintiff, Plaintiff is a creditor who has a claim to Meridian equity, and Mars is an insider.[23]

21.     Meridian Hive transferred all of its assets to Mars without receiving reasonably equivalent value.[24] At the time the assets were transferred, Meridian believed or should have reasonably believed that it would incur debts beyond its ability to pay as they became due, and/or Meridian was insolvent or became insolvent as a result of the transfer.[25]

22.     Meridian Hive transferred the assets with actual intent to hinder, delay, and defraud Plaintiff, considering whether:

   a.  The transfer was to an insider;

   b.  Meridian retained possession or control of the property transferred after the transfer;

   c.  The transfer was concealed from Plaintiff;

   d.  Before the transfer was made, Meridian had been sued or threatened with suit;



---

PJC – Business, § 115.16 (2018); PJC – Business, Comment to § 115.16 (2018).

[22] PJC – Business, § 115.18 (2018).

PJC – Business, Comment to § 105.25 (2018); Tex. Bus. & Com. Code § 24.002.

PJC – Business, § 105.26 (2018); Tex. Bus. & Com. Code §§ 24.002, 24.005, 24.006.

PJC – Business, § 105.27 (2018); Tex. Bus. & Com. Code §§ 24.003, 24.005, 24.006.

    e.   The transfer was of substantially all of Meridian's assets;

    f.   Meridian absconded;

    g.   Meridian removed or concealed assets;

    h.   The value of the consideration received by Meridian was reasonably equivalent to the value of the assets transferred;

    i.   Meridian was insolvent or became insolvent shortly after the transfer was made;

    j.   The transfer occurred shortly before or shortly after a substantial debt was incurred; and/or

    k.   Meridian transferred the essential assets of the business to a lienor who transferred the assets to an insider of Meridian.[26]

23.    The total value of the assets transferred at the time of the transfer, was $2,500,000.00. The amount necessary to satisfy Plaintiff's claim is 26.67% of the total value of the assets transferred at the time of the transfer, which is $666,750.00 (26.67% of the value of assets).[27]

24.    The following are reasonable fees for the necessary services of Plaintiff's attorneys incurred in connection with Plaintiff's breach of contract claim:

    a.   $210,171.85 for representation through trial and the completion of proceedings in the trial court;

    b.   $20,000.00 for representation through appeal to the court of appeals;



[26] TJC Business, § 105.25 (2018); Tex. Bus. & Com. Code § 24.005.
[27] TBVC Business, § 105.32 (2018); Tex. Bus. & Com. Code § 24.009.

     c. $10,000.00 for representation at the petition for review stage in the Supreme Court of Texas; and

     d. $15,000.00 for representation at the merits briefing stage in the Supreme Court of Texas.[28]

  25. Defendants Lowe, Simmons, and Rivers had knowledge that Defendant Meridian's conduct constituted a tort.[29] Defendants Lowe, Simmons, and Rivers had the intent to assist Meridian in committing the tort of fraudulent transfer.[30] Defendants Lowe, Simmons, and Rivers gave Meridian assistance and encouragement, which was a substantial factor in causing the tort.[31]

  26. Defendant Mars is responsible for the conduct of Defendant Meridian[32] because Defendant Meridian used Mars for the purpose of perpetrating and did perpetrate an actual fraud on Plaintiff primarily for the direct personal benefit of Meridian,[33] and:

     a. Mars was organized and operated as a mere tool or business conduit of Meridian; there was such unity between Mars and Meridian that the separateness of the two companies had ceased; and holding only Meridian responsible would result in injustice;[34] or

---

[28] Tex. Bus. & Com. Code § 24.013.

[29] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeuness Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[30] *Id.*

[31] *Id.*

[32] Tex. Bus. Orgs. Code § 108.1 (2018).

[33] Tex. Bus. Orgs. Code §§ 21.223(b), 101.002; PJC – Business, §§ 108.2, 108.3, 108.4 (2018).

[34] PJC – Business, § 108.2 (2018).

      b. Meridian used Mars as a sham to perpetrate a fraud;[35] or

      c. Meridian used Mars as a means of evading an existing legal obligation.[36]

## D. COUNT 4 – Conversion (Against All Defendants)

27.    Defendants converted Plaintiff's property because Defendants exercised dominion and control over Plaintiff's property without Plaintiff's consent and to the exclusion of Plaintiff's right of possession and use.[37]

28.    The sum of $666,750.00, which is the market value of the converted property at the time of conversion, if paid now in cash, would fairly and reasonably compensate Plaintiff for his damages that resulted from Defendants' conversion of Plaintiff's property.[38]

29.    The date Defendants undertook overt conduct denying or repudiating Plaintiff's ownership interest in Meridian was on a date occurring after this lawsuit was filed.[39]

30.    The date that Defendants' wrongful conduct caused a legal injury to Plaintiff was August 26, 2016.[40]

31.    Meridian's tortious conduct, its wrongful exercise of dominion and control over Plaintiff's property, has not ceased.[41]

---

[35] PJC – Business, § 108.3 (2018).

[36] PJC – Business, § 108.4 (2018).

[37] PJC – Negligence, § 7.4 (2018).

[38] PJC – Negligence, §§ 7.9, 7.10 (2018); *Prewitt v. Branham*, 643 S.W.2d 122, 123 (Tex. 1982)

[39] *See Dist. Mach. of Liberal Co. v. Payton*, 900 S.W.2d 124, 126 (Tex. App.—Amarillo 1995, writ denied); *Yeaman v. Galveston*, 167 S.W. 710 (Tex. 1914); *Cavitt v. Amsler*, 242 S.W. 246, 248 (Tex. Civ. App. —Austin 1922, writ dis'd w.o.j.); *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 201 (Tex. Civ. App. — Houston [1st Dist.] 1975, no writit); *Tex. Ref. Co. v. Morris*, 72 S.W.2d 687, 691 (Tex. Civ. App.—Dallas 1934, no writ).

[40] *See Southwestern Energy Prod. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016).

[41] *See W. Leubach Trust v. Georgetown Corp.*, 80 S.W.3d 149, 159 (Tex. App.—Austin 2002, pet. denied).

32.     The date by which Plaintiff knew or should, in the exercise of reasonable diligence, have discovered the conversion by Meridian was on a date occurring after this lawsuit was filed.[42]

33.     Plaintiff's injury was inherently undiscoverable and objectively verifiable.[43]

34.     Meridian had actual knowledge of the wrong, had a fixed purpose to conceal the wrong, concealed the wrong by making a misrepresentation and/or by remaining silent when it had a duty to speak, and Plaintiff reasonably relied on Meridian's misrepresentation and/or silence.[44]

35.     Defendants Meridian, Mars, Lowe, Simmons, and Rivers had knowledge that the conduct constituted a tort.[45] Defendants Meridian, Mars, Lowe, Simmons, and Rivers had the intent to assist each other in committing the tort of conversion.[46] Defendants Meridian, Mars, Lowe, Simmons, and Rivers gave each other assistance and encouragement, which was a substantial factor in causing the tort.[47]

### E.  COUNT 6 – Derivative Proceeding (For COUNTS 1 & 2)

---

[42] *See, e.g.,* PJC – Business, § 105.5 (2018); *see See Schlumberger Tech. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018); *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

[43] *See BP Am. Prod. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011); *Carl M. Archer Trust v. Tregellas*, 566 S.W.3d 281, 290 (Tex. 2018); *Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 457-58 (Tex. 1996).

[44] *See Exxon Mobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 544 (Tex. 2017).

[45] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeunesse Establissement v. Amegy Bank*, 525 S.W.3d 875, 883 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[46] *Id.*

36.     Meridian is a Texas limited liability company that has fewer than 35 members and no membership interests listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national securities association.[48]

37.     Plaintiff was a member of Meridian at the time of the acts and omissions complained of in the causes of action for breach of contract (Count 1), breach of fiduciary duty (Count 2), and constructive trust (Count 7).[49]

38.     Counts 1, 2, and 7 are against Defendants Mars, Lowe, Simmons, and/or Rivers.[50] Defendant Mars is a member of Meridian, and Defendants Lowe, Simmons, and Rivers are governing persons and officers of Meridian, and were members of Meridian at the time of the complained of acts and omissions.[51]

### F.  COUNT 8 – Tortious Interference With Contract (Against Rivers)

39.     Defendant Rivers intentionally interfered with the Contract.[52] Defendant Rivers interference was intentional because it was committed with the desire to interfere with the contract or with the belief that interference was substantially certain to result.[53]

40.     The sum of $666,750.00, if paid now in cash, would fairly and reasonably compensate Plaintiff and Meridian for the damages proximately caused by such interference.[54]

### G.  Defendants' Defense Pursuant to Tex. Bus. Orgs. Code § 10.001, *et seq.*

---

[48] Tex. Bus. Orgs. Code § 101.463.

[49] Tex. Bus. Orgs. Code § 101.452.

[50] Tex. Bus. Orgs. Code § 101.463.

[51] Tex. Bus. Orgs. Code §§ 1.002, 101.463.

[52] PJC – Business § 106.1 (2018).

[53] PJC – Business § 106.1 (2018).

[54] PJC – Business, § 115.22 (2018).

41.     Defendants did not comply with the provisions of the Texas Business Organizations Code, § 10.001, *et seq*., in the merger between Meridian and Mars.[55]

## II.  CONCLUSIONS OF LAW

### A.  COUNT 1 – Breach of Contract (Against Lowe and Simmons)

42.     The Contract is a valid and enforceable contract.[56]

43.     Defendants Lowe and Simmons are jointly and severally liable to Plaintiff in the amount of $666,750.00 for the damages to Plaintiff.

44.     Plaintiff is entitled to recovery of attorneys' fees on his breach of contract claim under Chapter 38 of the Texas Civil Practice and Remedies Code.[57] Based on the evidence submitted by the Declaration of David E. Dunham, the Court takes judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in this proceeding before the court.[58] The Court presumes that the usual and customary attorneys' fees for a claim of breach of contract are reasonable, and Defendants have not rebutted the presumption.[59]

45.     Defendants Lowe and Simmons are jointly and severally liable to Plaintiff in the following amounts for attorneys' fees:

> a. $210,171.85 for representation through trial and the completion of proceedings in the trial court;
>
> b. $20,000.00 for representation through appeal to the court of appeals;



[55] Tex. Bus. Orgs. Code, § 10.001, et seq.

[56] *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 392 (Tex. 2019); *Snyder v. Eanes ISD*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied).

[57] Tex. Civ. Prac. & Rem. Code § 38.001, et seq.

[58] Tex. Civ. Prac. & Rem. Code § 38.004(1).

[59] Tex. Civ. Prac. & Rem. Code § 38.003.

    c.  $10,000.00 for representation at the petition for review stage in the Supreme

Court of Texas; and

    d.  $15,000.00 for representation at the merits briefing stage in the Supreme

Court of Texas.[60]

## B. COUNT 2 – Breach of Fiduciary Duty (Against Lowe and Simmons)

46.    An informal fiduciary relationship existed between Plaintiff and Defendants Lowe

and Simmons as a result of their relationships of trust and confidence.[61]

47.    Formal fiduciary relationships existed between Plaintiff and Defendants Lowe

and Simmons as partners and joint venturers.[62]

48.    A formal fiduciary relationship existed between Plaintiff and Defendant Lowe as

a result of Defendant Lowe acting as trustee for the owners of Meridian, including Plaintiff, in

the Merger transaction.[63]

49.    Formal fiduciary relationships existed between Meridian Hive and Defendants

Lowe and Simmons based on Defendants Lowe and Simons being agents, employees, members,

managers, directors, and officers of Meridian Hive.[64]

---

[60] PJC – Business, § 115.60 (2018); Tex. Civ. Prac. Rem. Code, § 38.001, *et seq.*

[61] *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005); *Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 176 (Tex. 1997); *Siddiqui v. Fancy Bites*, LLC, 504 S.W.3d 349, 365 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Bos v. Smith*, 492 S.W.3d 361, 390 (Tex. App.—Corpus Christi 2016), *rev'd in part on other grounds*, 556 S.W.3d 293 (Tex. 2018).

[62] *See Rankin v. Naftalis*, 557 S.W.2d 940, 944 (Tex. 1977); *Fitz-Gerald v. Hull*, 237 S.W.2d 256, 264–65 (Tex. 1951); *Dernick Res. v. Wilstein*, 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *In re Valero Energy Corp.*, 973 S.W.2d 453, 459 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding); *M.R. Champion, Inc. v. Mizell*, 904 S.W.2d 617, 618 (Tex. 1995); *Huffington v. Upchurch*, 532 S.W.2d 576, 579 (Tex. 1976); *Noell v. Crow-Billingsley Air Park, L.P.*, 233 S.W.3d 408, 414 (Tex. App.—Dallas 2007, pet. denied).

[63] *Siddiqui v. Fancy Bites*, LLC, 504 S.W.3d 349, 364-65 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

[64] *National Plan Adm'rs, Inc. v. National Health Ins.*, 235 S.W.3d 695, 700 (Tex. 2007); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200-02 (Tex. 2002); *State v. Durham*, 860 S.W.2d 63, 66 (Tex. 1993); *Kinzbach Tool Co. v. ...*, 160 S.W.2d at 513-14; *Dernick Res.*, 312 S.W.3d at 877.

50.     Based on the fiduciary relationships that have been found, both formal and informal, Lowe and Simmons owed fiduciary duties to Plaintiff.

51.     Based on the formal fiduciary relationships that have been found, Lowe and Simmons owed fiduciary duties to Meridian Hive.

52.     Because Defendants Lowe and Simmons benefited from the transactions at issue, and also because Defendants Lowe and Simmons placed themselves in a position in which their self-interest might conflict with their obligations as fiduciaries, a presumption of unfairness arose that shifted the burden of proof to Defendants Lowe and Simmons to show that the transactions were fair and equitable to Plaintiff and Meridian Hive.[65] Defendants Lowe and Simmons failed to rebut the presumption.[66]

53.     To prove they complied with their duties, Defendants Lowe and Simmons must have shown that:

   a. The transactions in question were fair and equitable to Plaintiff and Meridian Hive; and

   b. Defendants Lowe and Simmons made reasonable use of the confidence that Plaintiff and Meridian Hive placed in them; and

   c. Defendants Lowe and Simmons acted in the utmost good faith and exercised the most scrupulous honesty toward Plaintiff and Meridian Hive; and

   d. Defendants Lowe and Simmons placed the interests of Plaintiff and Meridian Hive before their own; and

---

[65] PJC Business, Comment to § 104.2 (2018).

[66] PJC Business, Comment to § 104.2 (2018).

      e. Defendants Lowe and Simmons did not use the advantage of their positions to gain any benefit for themselves at the expense of Plaintiff or Meridian Hive; and

      f. Defendants Lowe and Simmons fully and fairly disclosed all important information to Plaintiff and Meridian Hive concerning the transactions.[67]

54.     Because Defendant Lowe knowingly participated in the breaches of fiduciary duties by Defendant Simmons, he is a joint tortfeasor with the fiduciary and is liable as such.[68] Because Defendant Simmons knowingly participated in the breaches of fiduciary duties by Defendant Lowe, he is a joint tortfeasor with the fiduciary and is liable as such.[69] Because Defendant Rivers knowingly participated in the breaches of fiduciary duties by Defendants Lowe and Simmons he is a joint tortfeasor with the fiduciaries and is liable as such. [70]

55.     Defendant Rivers is further jointly and severally liable with Defendants Lowe and Simmons for their breaches of fiduciary duties under the theory of participatory liability for aiding and abetting Defendants Lowe and Simmons by assisting and/or encouraging.[71]

56.     Because Defendants Lowe and Simmons are fiduciaries who breached their duties and profited and/or benefited from the transactions with the beneficiaries, with whom Defendant Rivers is a joint tortfeasor, Plaintiff and Meridian are entitled to equitable relief without having

---

[67] PJC – Business, § 104.2 (2018).

[68] *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 574, 160 S.W.2d 509, 514 (1942); *see also* PJC – Business, Comment to § 104.2 (2018).

[69] *Id.*

[70] *Id.*

[71] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeuness Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

to show that the breaches caused damages, including but not limited to profit disgorgement, rescission, and constructive trust.[72]

57.    Defendants Lowe, Simmons and Rivers must account for and yield to Plaintiff the benefits they received as a result of the breaches of fiduciary duties, including but not limited to the profits, benefits, ownership interests, and assets received.[73] The total value of the benefits received by Defendants jointly, which they must disgorge to Plaintiff, is $666,750.00.[74] Because they acted as joint tortfeasors, Defendants Lowe, Simmons and Rivers are jointly and severally liable to Plaintiff for the benefits they jointly received.[75]

### C.  COUNT 3 – Fraudulent Transfer (Against Meridian)

58.    Defendant Meridian violated the Texas Uniform Fraudulent Transfer Act, Chapter 24 of the Texas Business and Commerce Code.[76]

59.    Plaintiff may levy execution on the assets transferred or their proceeds for any judgment Plaintiff obtains on its claim.[77]

---

[72] PJC – Business, Comment to § 115.15 (2018); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 574, 160 S.W.2d 509, 514 (1942); *see also* PJC – Business, Comment to § 104.2 (2018).

[73] PJC – Business, § 115.16 (2018).

[74] PJC – Business, § 115.16 (2018).

[75] PJC – Business, Comment to § 104.2 (2018); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 574, 160 S.W.2d 509, 514 (1942); *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeunesse Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[76] Tex. Bus. & Com. Code § 24.001, *et seq.*

[77] PJC – Business, § 105.32 (2018); Tex. Bus. & Com. Code § 24.008.

60. Defendants Lowe, Simmons, and Rivers are jointly liable with Defendant Meridian for fraudulent transfer under the theory of participatory liability for aiding and abetting Meridian by assisting or encouraging.[78]

61. Plaintiff's suit is based on or relates to a contract.[79] Defendant Mars is vicariously liable for Defendant Meridian's fraudulent transfer under one or more the theories for disregarding the corporate form, or "piercing the corporate veil," including alter ego, sham to perpetrate a fraud, and/or evasion of existing legal obligation.[80]

62. Defendants Meridian, Mars, Lowe, Simmons, and Rivers are jointly and severally liable to Plaintiff for the total award of $666,750.00 for actual damages and the following reasonable attorney's fees for fraudulent transfer:

        a. $210,171.85 for representation through trial and the completion of proceedings in the trial court;

        b. $20,000.00 for representation through appeal to the court of appeals;

        c. $10,000.00 for representation at the petition for review stage in the Supreme Court of Texas; and

        d. $15,000.00 for representation at the merits briefing stage in the Supreme Court of Texas.

### D. COUNT 4 – Conversion (Against All Defendants)



[78] *Juhl v. Arrington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeuness Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[79] Tex. Bus. Orgs. Code §§ 21.223(b), 101.002; PJC – Business, §§ 108.2, 108.3, 108.4 (2018).

[80] Tex. Bus. Orgs. Code §§ 21.223(b), 101.002; PJC – Business, §§ 108.1, 108.2, 108.3, 108.4 (2018).

63. Plaintiff's membership interest in Meridian was his personal property.[81]

64. Defendants Meridian, Mars, Lowe, Simmons, and Rivers are jointly liable with one another for conversion under the theory of participatory liability for aiding and abetting by assisting and/or encouraging.[82]

65. Plaintiff is entitled to the amount of $666,750.00 for conversion.

66. Limitations is an affirmative defense on which Defendants bear the initial burden to plead, prove, and secure findings on limitations, and Defendants failed to meet this burden.[83] Plaintiff's cause of action for conversion is not barred by the two-year limitations period[84] because:

   a. Defendants failed to allege the accrual date in their pleadings;[85]

   b. Plaintiff's cause of action did not accrue until Defendants undertook overt conduct denying or repudiating Plaintiff's ownership interest in Meridian;[86] and/or

   c. Plaintiff's cause of action did not accrue on the date of legal injury because:

      i. The continuing-tort doctrine applies as an exception to the legal-injury rule for determining the accrual date, which is the date Defendants' tortious conduct ceases;[87]

---

[81] Tex. Bus. Orgs. Code, § 101.106.

[82] *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996); *Immobiliere Jeuness Establissement v. Amegy Bank*, 525 S.W.3d 875, 882 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Restatement Second, Torts § 876(b).

[83] Tex. R. Civ. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).

[84] Tex. Civ. Prac. & Rem. Code, § 16.003; *see, e.g.,* PJC – Business, § 105.5 (2018).

[85] *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

[86] *Bee Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 124, 126 (Tex. App.—Amarillo 1995, writ denied); *Seaman v. Galveston*, 167 S.W. 710 (Tex. 1914); *Cavitt v. Amsler*, 242 S.W. 246, 248 (Tex. Civ. App. —Austin 1922, writ dis'd w.o.j.); *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 201 (Tex. Civ. App. — Houston [1st Dist.] 1975, no writ); *Rex Ref. Co. v. Morris*, 72 S.W.2d 687, 691 (Tex. Civ. App.—Dallas 1934, no writ).

ii.   The discovery rule applied to defer the accrual date until Plaintiff knew or by exercising reasonable diligence should have known of the facts giving rise to the cause of action;[88] and/or

iii.  Defendants' fraudulent concealment deferred the accrual date until Plaintiff discovered or should have discovered the deceitful conduct or facts giving rise to the cause of action.[89]

### E.  COUNT 6 – Derivative Proceeding (For COUNTS 1 & 2)

67.   Meridian is a closely held limited liability company.[90]

68.   Texas Business Organizations Code sections 101.452-101.460 do not apply and justice requires that the Court treat the derivative proceedings brought by Plaintiff on behalf of Meridian for breach of contract (Count 1) and breach of fiduciary duty (Count 2) as direct actions brought by Plaintiff for his own benefit and that the recoveries under these causes of action be paid directly to Plaintiff.[91]

### F.  COUNT 8 – Tortious Interference With Contract (Against Rivers)

69.   The Contract is a valid and enforceable contract between Plaintiff, Defendant Lowe, and Defendant Simmons.[92]

70.   On the claim of tortious interference with Contract, Rivers is liable to Plaintiff in the amount of $666,750.00.

---

[87] See W.W. Laubach Trust v. Georgetown Corp., 80 S.W.3d 149, 159 (Tex. App.—Austin 2002, pet. denied).

[88] Schlumberger Tech. v. Pasko, 544 S.W.3d 830, 834 (Tex. 2018); S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996).

[89] See Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998); S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996).

[90] Tex. Bus. Org. Code, § 101.463.

[91] Tex. Bus. Org. Code, § 101.463.

[92] ABA Business, Comment to § 106.1 (2018).

### G. Defendants' Defense Pursuant to Tex. Bus. Orgs. Code § 10.001, *et seq.*

71. Defendants did not meet their burden to establish a defense to any of Plaintiffs' claims based on the merger of Meridian and Mars and the provisions of Texas Business Organizations Code § 10.001, *et seq.*[93]

*October 18, 2021*

MAYA GUERRA GAMBLE
459th DISTRICT COURT

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 01/10/2022 02:49:08

VELVA L. PRICE
DISTRICT CLERK
By D

[93] Tex. Bus. Orgs. Code, § 10.001, et seq.

# ADVERSARY PROCEEDING COVER SHEET

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>**Evan Whitehead, individually and derivatively on behalf of Meridian Hive, LLC d/b/a Meridian Meadery and d/b/a Meridian Cellars Winery** | DEFENDANTS<br>**Mars Colony, LLC and Meridian Hive LLC** |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Sabrina Streusand, Streusand, Landon, Ozburn & Lemmon, LLP, 1801 S. Mopac Expy, Ste 320, Austin, TX 78746 (512) 236-9900; David Dunham, Dunham, LLP 919 Congress Ave., Ste 910, Austin, TX 78701 (512) 615-1255 | **ATTORNEYS** (If Known)<br>**Todd Headden, Hayward PLLC, 901 Mopac Expy S, Bldg 1, Ste 300, Austin, TX 78746** |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to Discharge and Dischargeability

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Mars Colony LLC and Meridian Hive LLC** | BANKRUPTCY CASE NO.<br>**22-10109-TMD** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Western** | DIVISION OFFICE<br>**Austin** | NAME OF JUDGE<br>**Hon. Tony M. Davis** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Sabrina L. Streusand* | | |
| DATE<br>**07/21/2022** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>**Sabrina L. Streusand** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.